# HAMPSHIRE COUNTY.

## AMERICAN COLONIZATION SOCIETY *vs.* TRUSTEES OF THE SMITH CHARITIES & others.

A testator provided in his will that when a fund therein created should reach the sum of $400,000, the sum of $10,000 should be set apart, the income whereof was upon certain conditions to be paid over annually to the American Colonization Society, for certain specified purposes; and that the trustees under the will should thereupon give notice to the society that the sum had been so set apart for the purposes mentioned; and if within six months thereafter the society should signify its acceptance of the trust confided to it, and give its assent in writing to the terms and conditions prescribed, it should thereupon become the duty of the trustees to pay over the income to its treasurer or other proper agent. The fund reached the required amount; $10,000 was set apart; the trustees sent a written notice thereof to the society, which was duly received by its financial secretary and laid before its executive committee, who passed a vote to accept the same; but no notice of its acceptance thereof, or of its assent to the terms and conditions prescribed, was sent to the trustees until after the expiration of six months from the time when their notice was sent and received. *Held*, that by non-compliance with the requirement of the will the society had lost its right to receive the legacy.

BILL IN EQUITY, by the American Colonization Society, to compel the Trustees of the Smith Charities to pay to them the income of a legacy under the will of Oliver Smith. The case was heard by consent before *Dewey*, J., who reported the same for the determination of the whole court upon facts which are stated in the opinion.

*E. Dickinson*, for the plaintiffs.

*C. Delano*, for the defendants.

MERRICK, J. By the will of the testator, he bequeathed the sum of two hundred thousand dollars to Austin Smith, in trust for certain specified uses and purposes; and he directed that this sum, together with all the interest in the mean time accruing thereon, should be paid over to the board of trustees to be established in a manner particularly prescribed, whenever that board should be duly constituted and organized. He then further directed that the amount of money thus paid over to the board of trustees should be held and managed by them for the purpose of accumulation until the same should amount to the sum of

four hundred thousand dollars; and that whensoever it should amount to that sum the board of trustees should divide it into three portions, of which one portion, amounting to the sum of ten thousand dollars, should be for the use of the American Colonization Society.   And he also further directed that, as soon as this sum of ten thousand dollars should have been set apart to and for such use, the trustees should give notice thereof to said Colonization Society, and also of the provisions of the will, so far as they relate to the said legacies in its favor, and of the conditions, restrictions and ulterior disposition to which the said fund of ten thousand dollars should then be, or ultimately become, subject.   And he further ordered and provided that, if said society should, within six months next after such notice had been thus given to it, signify to the trustees its acceptance of the trust confided to it, and should also give its assent in writing to the terms and conditions prescribed in the will in relation thereto, it should thereupon become the duty of said trustees annually to pay over to the treasurer, or other proper officer, of the society, all the interest and income annually arising from said fund, for the uses and purposes and upon the conditions prescribed.

This then was a bequest to the society of the income of a definite fund, upon certain prescribed conditions, one of which was that the society should, within six months next after it has received due notice from the trustees that the fund has been set apart by them for its use, and of the terms, restrictions, limitations and conditions upon which they were to become entitled to receive and hold it, signify its acceptance of the trust confided to it.   This being in its nature a condition precedent, the society could have no right to demand or take the benefit of the bequest in its favor, except by and upon compliance with, and performance of, the condition.   And the trustees were upon no other terms authorized or allowed to pay over to it, or its officers, the income of the fund bequeathed.

The rights of the parties therefore depend upon the question whether the society has in fact complied with and performed this condition.

It appears from the bill and answer, and evidence reported, that the fund given in trust to Austin Smith was duly paid over by him to the board of trustees, after the board had been properly constituted and organized ; and that the money thus paid was held and managed by the board of trustees until the 1st of October 1859, when it had accumulated to the sum of four hundred thousand dollars. The trustees then set apart the sum of ten thousand dollars for the use of the plaintiffs, according to the directions of the testator in his will concerning this part of the general fund ; and on the 13th day of the same month, in a letter addressed to the American Colonization Society, and signed by all the members of the board of trustees, they gave notice to the society that the fund was so set apart; and they enclosed in their letter a certified copy of the will of the testator, in order, as they say, that the society " may be accurately informed in regard to those conditions and restrictions " upon which the bequest to that society was made. This letter, together with the enclosed copy of the will, was received by Mr. McLain, the financial secretary of the society, at its rooms in the city of Washington, on the 15th day of the same month. And on the same day, in an official letter addressed to the trustees, and which was received by them in the due course of mail, he acknowledged the receipt of the said letter of the trustees, with its enclosure, as a legal notice to the society that they ha set apart, under and according to the terms of the will, the sum of ten thousand dollars for its use and benefit. And also at the same time, in a letter addressed to Mr. Baker, one of the trustees, Mr. McLain, in his official character, also acknowledged the receipt of said notice and certified copy of the will, and informed him in reply that the society would in due time give the trustees notice of the acceptance by the society of the trust confided to them, with and subject to its several obligations. And at a meeting of the executive committee of the society, who had the general superintendence and management of all its affairs, held on the 22d day of the same month of October, the above-mentioned notice of the trustees was produced and read, and the records show that it was then regarded and treated as a sufficient and legal notice.

There can be no doubt, therefore, that as early as the 13th of October 1859 the board of trustees had fully discharged their duty in reference to the notice to be given by them to the society. It only remained on its part, in order to secure to it the benefit and advantage of said bequest, that the society should signify in writing to the trustees its acceptance, upon the prescribed terms and conditions, of the trust confided to it. This was the condition precedent, upon the observance of and compliance with which the right of the society to the legacy bequeathed to it wholly depended. But it is equally certain that this condition was neither observed nor kept. The only manner in which the society signified to the board of trustees its acceptance of the trust confided to it, was in a formal letter prepared for that purpose and addressed to the trustees. It was written on the 13th of April, but dated on the 19th, and on the last named day was placed for remittance to them in the post-office. All this was more than six months after legal notice had been given by the trustees to the society, and after its receipt had been officially acknowledged. It is immaterial to inquire what were the causes by which this delay was occasioned, or through whose oversight or inattention it occurred. The fact that it did occur is decisive of the question whether the legacy vested in the society, by complying with, and the performance of, the condition precedent. The testator prescribed, as he had a right to do, the exact terms upon which his bequest should take effect. And as the society failed to comply with these terms, and did not perform the condition, it has no right to demand, nor would the trustees be justified in paying to it, the legacy.

As the sole object of the present bill is to recover of the trustees the annual income from the fund of ten thousand dollars set apart by them for the use of the society, and as it now appears that the society is not entitled to receive it, it is unnecessary to consider what disposition is to be made of that fund which still remains in the hands of the trustees. They will pay it to such parties, or apply it to such purposes, as they are required to do under the provisions of the will.

*Bill dismissed without costs to any of the parties.*